IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TEDDY GURULE and JENNIFER GURULE,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT<br><br>Case No. 2:18-cv-00965-JNP-DAO<br><br>District Judge Jill N. Parrish |

Before the court is the United States' motion for summary judgment. ECF No. 19. The court GRANTS the motion.

## BACKGROUND

Teddy and Jennifer Gurule filed a joint federal income tax return for the 2007 tax year that reported an unpaid tax liability of $23,157. The Gurules never paid this tax. With penalties and interest, the amount due grew to $39,793.20 by July 2018.[1]

The Gurules filed a joint federal income tax return for the 2008 tax year that reported an unpaid tax liability of $59,643. The Gurules also never paid this tax either. With penalties and interest, the amount due grew to $95,869.42 by July 2018.[2]

---

[1] The United States claimed the total amount owed for the 2007 tax year was $42,021.68. But the exhibits attached to the motion for summary judgment do not support this amount.

[2] The United States claimed the total amount owed for the 2008 tax year was $101,238.26. But the exhibits attached to the motion for summary judgment do not support this amount.

Teddy Gurule formed a construction company called T.J. Enterprises in 1997 and operated it through 2010, when it went out of business. He was the president and sole owner of the company. Teddy Gurule exercised managerial authority over T.J. Enterprises, made personnel decisions, and was the only person who could authorize payments drawn from the company's accounts. T.J. Enterprises failed to pay its federal employment taxes for the quarters ending on December 31, 2005; March 31, 2006; June 30, 2006; September 30, 2006; December 31, 2006; March 31, 2007; June 30, 2007; September 30, 2007; and December 31, 2007. The unpaid employment taxes and interest assessments totaled $390,360.01 by July 2018.[3]

Teddy Gurule reviewed T.J. Enterprises' quarterly employment tax returns before they were filed. He knew that the returns were being filed without submitting any payment for the employment taxes owed. Teddy Gurule testified that T.J. Enterprises did not pay the federal employment taxes because it could not afford to do so. But he directed T.J. Enterprises to pay a number of other creditors during the period of time when the employment taxes were due, including amounts due on a mortgage and for insurance, legal fees, rent, travel costs, and a salary for himself.

The United States sued Teddy and Jennifer Gurule to reduce their unpaid income tax liability to a judgment. The United States also sued Teddy Gurule for the federal employment taxes owed by T.J. Enterprises, arguing that he is liable for a penalty equal to the unpaid taxes. The United States filed a motion for summary judgment in its favor for the unpaid taxes. The Gurules never responded to the motion.

---

[3] The United States claimed the total amount owed by T.J. Enterprises for the unpaid employment taxes was $412,220.78. But the exhibits attached to the motion for summary judgment do not support this amount.

## LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has met this burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## ANALYSIS

### I. TEDDY AND JENNIFER GURULE'S JOINT TAX LIABILITY

The United States argues that it is entitled to summary judgment on its claim to reduce Teddy and Jennifer Gurule's joint tax liability to a judgment. In a suit to enforce a tax liability, "the government generally establishes a *prima facie* case when it shows a timely assessment of the tax due, supported by a minimal evidentiary foundation, at which point a presumption of correctness arises." *United States v. McMullin*, 948 F.2d 1188, 1192 (10th Cir. 1991). Form 4340 "Certificates of Assessments and Payments are 'routinely used to prove that tax assessment has in fact been made.' They are 'presumptive proof of a valid assessment.' " *Guthrie v. Sawyer*, 970 F.2d 733, 737 (10th Cir. 1992) (citation omitted); *accord United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002) ("It is well established in the tax law that [a certificate of] assessment is entitled to a legal presumption of correctness—a presumption that can help the Government prove its case against a taxpayer in court."). If the United States produces evidence supporting the existence of an unpaid tax liability, the presumption of correctness "will permit judgment in the [United States'] favor unless the opposing party produces substantial evidence overcoming it." *McMullin*, 948 F.2d at 1192.

The United States has produced evidence establishing that the Gurules have an unpaid tax liability. It provided copies of the Gurules signed 2007 and 2008 joint tax returns, which acknowledge the existence of a tax liability. The United States also provided form 4340 certificates that indicate that the Gurules never paid the tax owed. The 4340 certificates also show the penalties and interest that had accrued on the unpaid tax liability as of July 2018. This evidence is adequate to show that the Gurules owe a total of $135,662.62 for unpaid taxes, penalties, and interest. The Gurules have not responded to the motion for summary judgment and, therefore, have not produced any evidence showing a dispute of material fact regarding the tax liability. Accordingly, the United States is entitled to summary judgment in its favor on the joint income tax liability.

## II. TEDDY GURULE'S LIABILITY FOR THE UNPAID EMPLOYMENT TAXES

The United States also argues that it is entitled to summary judgment on its claim that Teddy Gurule should be liable for a penalty equal to the unpaid employment taxes of T.J. Enterprises. A person responsible for collecting employment taxes and paying the money to the United States may be assessed a penalty equal to the amount of any unpaid tax:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672(a). Under this statute, the United States may asses a penalty against Teddy Gurule for the full amount of the unpaid employment taxes if it can prove that (1) he was responsible for paying the employment taxes and (2) he willfully failed to do so. *See Smith v. United States*, 555 F.3d 1158, 1163 (10th Cir. 2009).

The United States has produced evidence that Teddy Gurule was responsible for collecting and paying the employment taxes for T.J. Enterprises. In determining whether a person is responsible for paying employment taxes within the meaning of § 6672(a), the Tenth Circuit has stated that a "corporate officer or employee is responsible if he or she has significant, though not necessarily exclusive, authority in the 'general management and fiscal decisionmaking of the corporation.' " *Taylor v. I.R.S.*, 69 F.3d 411, 416 (10th Cir. 1995) (citation omitted). The indicia of responsibility that a court considers include "whether the person: (1) held corporate office; (2) controlled financial affairs; (3) had authority to disburse corporate funds; (4) owned stock; and (5) had the ability to hire and fire employees." *Id.* "The crucial inquiry is whether the person had the 'effective power' to pay the taxes—that is, whether he had the actual authority or ability, in view of his status within the corporation, to pay the taxes owed." *Id.* (citation omitted).

The United States has presented evidence that Teddy Gurule was the president and sole owner of T.J. Enterprises. He also exercised managerial authority over T.J. Enterprises, made personnel decisions, and was the only person who could authorize payments drawn from the company's accounts. Thus, the United States presented evidence showing that all of the factors considered by the Tenth Circuit indicate that Teddy Gurule was a responsible person under § 6672(a). Mr. Gurule has not presented any evidence suggesting a dispute of material fact on the issue of whether he was a responsible person. Accordingly, the United States is entitled to summary judgment on this issue.

The United States has also presented evidence that Teddy Gurule willfully failed to pay the employment taxes owed by T.J. Enterprises. "It is the burden of the responsible person to show that he did not willfully fail to remit taxes." *Muck v. United States*, 3 F.3d 1378, 1381 (10th Cir. 1993). Willfulness can be shown "whenever the undisputed facts establish (1) a responsible person,

5

(2) had knowledge of a withholding tax delinquency, and (3) failed to personally fulfill his duty to ensure payment of the delinquent taxes with any available, unencumbered funds prior to paying any other creditors." *Finley v. United States*, 123 F.3d 1342, 1348 (10th Cir. 1997) (en banc). But a responsible party can show that he or she did not act willfully by proving the existence of a "reasonable cause" exception. *Id.* "[R]easonable cause sufficient to excuse a responsible person's failure to pay withholding taxes should be limited to those circumstances where (1) the taxpayer has made reasonable efforts to protect the trust funds [the withheld employment taxes], but (2) those efforts have been frustrated by circumstances outside the taxpayer's control." *Id.*

The undisputed facts in this case show that Teddy Gurule willfully failed to pay the employment taxes owed by T.J. Enterprises. In a deposition, Mr. Gurule admitted that he reviewed T.J. Enterprises' quarterly employment tax returns before they were filed and that he knew that no payments were being made on the employment tax liability. Teddy Gurule testified that T.J. Enterprises did not pay the federal employment taxes because it could not afford to do so. But the United States has produced evidence that Mr. Gurule directed T.J. Enterprises to pay a number of other creditors during the period of time when the employment taxes were due. From August 2005 through 2008, T.J. Enterprises paid at least $262,263 on a note for the property it occupied. In 2008 and 2009, T.J. Enterprises paid $174,071.64 for legal fees, $105,631 for insurance, $65,574.90 for "Rent – Occupancy," and $37,391.13 for travel and entertainment. In 2007 and 2008, Teddy Gurule also caused T.J. Enterprises to pay himself over $95,000. Thus, the undisputed evidence shows that Mr. Gurule preferred T.J. Enterprises' other creditors over the United States. Thus, the United States has shown that Teddy Gurule was aware of T.J. Enterprises' employment tax delinquency and that he willfully failed to pay the employment taxes. Instead, he used the company's funds to pay other creditors and even himself first.

Teddy Gurule has not asserted that he is entitled to a reasonable cause exception or produced any evidence to support such an exception. Because he bears the burden of proving the reasonable cause exception, this doctrine is not an impediment to summary judgment. Accordingly, the United States is entitled to summary judgment on the willfulness issue.

Because Teddy Gurule was responsible for paying the employment taxes owed by T.J. Enterprises and he willfully failed to do so, the United States is entitled to a penalty against Mr. Gurule equal to the amount of the unpaid taxes. The United States has produced form 4340 certificates of assessment documenting unpaid employment taxes and interest assessments totaling $390,360.01. Thus, the United States is entitled to summary judgment against Teddy Gurule for this amount.

## CONCLUSION

The court grants summary judgment in favor of the United States and against Teddy and Jennifer Gurule for their unpaid income taxes in the amount of $135,662.62. The court also grants summary judgment in favor of the United States and against Teddy Gurule for the unpaid employment taxes owed by T.J. Enterprises in the amount of $390,360.01.

DATED September 30, 2020.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge